{¶ 40} I write separately because I do not agree with the broad and unqualified assertion in the majority's opinion that the contents of a victim impact statement are beyond a defendant's right of cross-examination.
 {¶ 41} A defendant's Fourteenth Amendment right to a due process of law entitles him to an opportunity to rebut alleged factual inaccuracies in matters presented to the court which bear on the court's exercise of its discretion when imposing a sentence of incarceration, whether the alleged inaccuracy is contained in a presentence investigation report prepared by the court's probation officer or in a victim impact statement authorized by R.C. 2929.30(A). Upon such a claim of factual inaccuracy by the defendant a right of rebuttal arises, including a limited right of cross-examination of the source of the alleged inaccuracy. Consistent with the standards set out in State v. Unger (1981), 67 Ohio St. 2d 65, the sentencing court abuses its discretion if it denies a reasonable continuance of the sentencing proceeding which the defendant requests for the purpose of then presenting rebuttal evidence.
 {¶ 42} R.C. 2929.30(C)(1) authorizes a victim or a representative to explain "the nature and extent of any . . . psychological . . . harm suffered by the victim as a result of the crime" for which a sentence is imposed. R.C. 2929.12(B)(2) requires the court to consider any "serious psychological harm" the victim suffered "as indicating that the offender's conduct is more serious than conduct normally constituting the offense." The court is enjoined by R.C. 2929.11(B) to make the seriousness of the defendant's conduct a part of its calculus favoring a onerous sentence. Therefore, and because of the potential prejudice that may result from a victim impact statement, neither the victim nor the victim's representative who presents a victim impact statement is insulated from cross-examination by the defendant in exercising a properly-framed right of rebuttal.
 {¶ 43} Defendant-Appellant's liberty interest was clearly prejudiced by the court's finding that the victim suffered serious psychological harm, because it led the court to impose a more onerous sentence than it otherwise might have imposed. That finding was based on her father's statement to the court pursuant to R.C. 2929.30 and on letters from other lay persons contained in the presentence investigation report. However, Defendant-Appellant did not challenge the factual accuracy of the assertions from those sources concerning the impact of his crime on the victim. Instead, he merely sought a continuance to investigate whether those assertions were correct and to marshal any evidence he might find to rebut them showing that they were not. Such an effort is no more than a request for time to perform a fishing expedition, and the court did not abuse its discretion when it denied the request for lack of a legitimate foundation. State v. Unger.